Crews v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-444-CR

THEODORE RONALD CREWS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Theodore Ronald Crews appeals from his conviction for aggravated assault with a deadly weapon.  In a single issue, he complains that the evidence is factually insufficient to support his conviction because the evidence shows that the victim’s injuries may have been self-inflicted.  We will affirm.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.

In this case, the record shows that, on the evening of June 27, 2002, appellant and his live-in girlfriend, Georgia Malyszka, had an argument.  Malyszka shut herself in the bathroom, but appellant got in and threatened her with a knife.  Malyszka’s sister, to whom Malyszka was talking on her cell phone, heard “crying and screaming” and called 9-1-1; officers were dispatched to Malyszka’s apartment.  

When the officers arrived, Malyszka got past appellant and headed for the front door.  Appellant grabbed Malyszka from behind, threw her to the floor, and stabbed her three times in the stomach.  When Malyszka screamed for help, Officer Andrew Crump kicked in the front door, and appellant stabbed Malyszka in the throat.  Officer Crump and another officer found appellant sitting behind the front door and Malyszka sitting in front of him, with her back to his stomach.  Appellant was holding Malyszka forcefully and had a knife against her stomach.  Malyszka was very limp, and blood was everywhere. 

Officer Crump ordered appellant to drop the knife, and then pulled Malyszka away from appellant and into the living room area.  Officer Crump put a blanket on Malyszka’s neck to the stop the bleeding, and the officers took turns covering her wounds and applying pressure until an ambulance arrived.  When paramedics cut open Malyszka’s dress, they found several stab marks to her chest and three stab wounds to her abdomen.  

Appellant contends that the evidence is factually insufficient to support his conviction because (1) Malyszka’s injuries were consistent with self-inflicted wounds, (2) all the injuries were in areas accessible to being self-inflicted, (3) Malyszka was intoxicated, (4) the State did not introduce Malyszka’s clothing into evidence, which could have been important in determining whether the wounds were self-inflicted, and (5) the bathroom door was not broken and there did not appear to be signs of a struggle elsewhere in the apartment.  Tarrant County Medical Examiner Nizam Peerwani opined, however, with a reasonable degree of medical certainty, that Malyszka’s wounds were not self-inflicted, except for an older healing wound to the left wrist.  Further, although the wounds were in areas accessible to Malyszka, Dr. Peerwani opined that it was “very unlikely” that the wounds were self-inflicted.  Instead, Dr. Peerwani testified that the distribution of the injuries, their location and severity, and the presence of what appeared to be defensive wounds
(footnote: 2) were “clearly consistent” with being assaulted.  

Viewing all of the evidence in a neutral light, we hold that the proof of guilt is not so weak as to render the jury’s guilty verdict clearly wrong and manifestly unjust.  
Johnson,
 23 S.W.3d at 11.  Accordingly, we overrule appellant’s issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: 
November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Defensive wounds are those sustained by a victim while trying to protect herself or ward off an assailant.